**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ELIZABETH S.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-406

Marbley, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth S. filed this Social Security appeal to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the following reasons, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### I. Summary of Administrative Record

On August 27, 2020, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 7, 2019. Plaintiff's application was denied initially and on reconsideration. On December 1, 2022, an Administrative Law Judge ("ALJ") issued an adverse decision finding that Plaintiff was not disabled. Plaintiff appealed the decision to the United States District Court for the Southern District of Ohio and the case was remanded for further proceedings.

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

On November 19, 2024, on remand, Plaintiff appeared with counsel and testified at a telephonic hearing before ALJ Kimberly S. Cromer. A vocational expert also appeared and testified. On December 18, 2024, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1982 and was 41 years old on December 31, 2023, the date last insured. (Tr. 631). Plaintiff has a limited education, no past relevant work, and—although, as discussed below, Plaintiff returned to work during the period of alleged disability—the ALJ determined that no specific substantial gainful activity period could be determined based on the record. (Tr. 620, 631).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease, obesity and mental impairments best described as affective (depression/bipolar), anxiety (with agoraphobia) and post-traumatic stress disorders (20 CFR 404.1520(c))." (Tr. 621). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform light work subject to the following exceptions:

> no climbing ladders, ropes, and scaffolds and occasional climbing of ramps and stairs; unlimited balance; occasionally stoop, crouch, kneel and crawl; no work at unprotected heights or around hazardous machinery; no commercial driving; occasional operation of bilateral foot controls; occasional bilateral overhead reaching; simple routine and repetitive nature work; no work with the general public as part of routine job duties and occasional interaction with co-workers and supervisors; no fast-paced production such as assembly line or work where the machine sets the pace, work is of a variable rate; only occasional decision-making; only occasional

> changes in the work setting; no strict production or hourly requirements, with end of day work goals; no tandem routine job tasks with co-workers.

(Tr. 624). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of merchandise marker, routing clerk, and small products assembler. (Tr. 632). The ALJ concluded that Plaintiff was not disabled from October 7, 2019 (the alleged onset date) through December 31, 2023 (the date last insured). (Tr. 633).

In formulating the RFC, the ALJ considered the prior administrative medical findings of the state agency psychological consultants, Courtney Zeune, Ph.D., and Robyn Murry-Hoffman, Psy. D. (Tr. 630-31). Dr. Zeune opined that Plaintiff had moderate limitations in mental functioning and, as relevant here, that Plaintiff could "relate adequately on a superficial basis in an environment that entails infrequent public contact, minimal interactions with coworkers and no over the shoulder supervisor scrutiny." (Tr. 80, 83). Dr. Murry-Hoffman affirmed Zeune's assessment at the reconsideration level. (Tr. 90). As discussed below, the ALJ found the opinions persuasive in part but declined to adopt several of the specific limitations assessed by the consultants, including the consultants' terminology regarding superficial interactions. The ALJ found that additional evidence developed after the state agency assessments, including Plaintiff's reported return to work and subsequent treatment records, supported some different limitations than those assessed by the state agency consultants.

Plaintiff claims the ALJ erred by failing to include the superficial limitation assessed by the state agency consultants or adequately explain her decision not to do so.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. Plaintiff's Challenge to her RFC is without Merit.**

As noted above, Plaintiff argues that the ALJ erred in evaluating the prior administrative medical findings of the state agency psychological consultants.

Specifically, Plaintiff contends that the ALJ failed to properly account for the consultants' opinion that Plaintiff was limited to superficial interaction with others and failed to adequately explain why this limitation was not included in the RFC.

A claimant's RFC is an assessment of "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)– (5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base her determination on a physician's

opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

Thus, the role of the ALJ is to articulate how she considered medical opinions and how persuasive she found the medical opinions to be. *Holston v. Saul*, No. 1:20-CV-1001, 2021 WL 1877173, at *11 (N.D. Ohio Apr. 20, 2021), *report and recommendation adopted*, No. 1:20 CV 1001, 2021 WL 1863256 (N.D. Ohio May 10, 2021). Under 20 C.F.R. § 404.1520c, an ALJ must evaluate the "persuasiveness" of each medical opinion, which requires the ALJ to explain how she considered the supportability and consistency of the opinion. Notably, the role of the Court is not to reweigh the evidence, but to make sure the ALJ employed the proper legal standard by considering the factors and supported the conclusion with substantial evidence. *Id.*, at *14. Where, as here, a claimant challenges the RFC based on the ALJ's treatment of medical opinions or prior administrative medical findings, the Court examines whether the ALJ complied with the governing regulations and whether substantial evidence supports the resulting RFC. Thus, "in deciding whether the ALJ has adequately 'explained' the decision not to adopt particular phrasing from a medical opinion, this Court's review is largely constrained to whether that explanation is rational such that the court can 'trace the path of [its] reasoning.'"). *Stephen D. v. Comm'r of Soc. Sec.*, 734 F.Supp.3d 729, 741 (S.D. Ohio May 16, 2024) *quoting Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011).

The undersigned finds no error in the ALJ's decision in this case. In formulating the RFC, the ALJ considered both Plaintiff's subjective allegations as well as the persuasiveness of the prior administrative medical records. After consideration of the entire record, the ALJ determined that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms "are inconsistent with the objective findings, her conservative treatment history with gaps, and her actual activities of day living which include a return to work during part of the period of alleged disability." (Tr. 625). The ALJ noted that Plaintiff's treatment records revealed that Plaintiff returned to work at least twice during the period of alleged disability (in 2022 and 2023) and "was apparently able to manage work despite her symptoms and admitted to improvement with her medications." (Tr. 620, 626).

The ALJ properly evaluated the prior administrative findings under the applicable regulations and explained why she did not adopt each of assessed limitations. Again, the state consultants found Plaintiff capable of relating "adequately on a *superficial* basis in an environment that entails infrequent public contact, minimal interactions with coworkers and no over the shoulder supervisor scrutiny." (Tr. 83, 90) (emphasis added). The ALJ found the opinions partially persuasive. The ALJ agreed that Plaintiff's mental impairments warranted workplace restrictions, however she explained that additional evidence developed after the state agency reviews, including Plaintiff's return to work and subsequent treatment records demonstrating greater functional abilities, supported different limitations. (Tr. 630). For example, although the consultants opined that Plaintiff be limited to infrequent public contact, the ALJ determined that a limitation to no public contact was better supported based on record evidence of depression, anxiety, and the

need for Clonazepam for panic attacks. (Tr. 630). The ALJ also provided additional limitations prohibiting tandem tasks with coworkers and reductions in work complexity, production and pace requirements, decision making, and changes to her workplace.[2] The ALJ explained these limitations were implemented to account for Plaintiff's social interaction deficits and the need to reduce stress in the workplace, as suggested by the psychological examiner and reports of increased symptoms with stress in the treatment records. (Tr. 630-31).

With respect to the superficial contact limitation at issue in this case, the ALJ explained that because the latest assessment was in October of 2021, the consultants "were unaware of the claimant's return to work and her demonstrated ability to perform the mental tasks associated with such work." (Tr. 630). The ALJ noted that Plaintiff worked at Ferguson's plumbing starting in January/February 2023, for example, and was working every day by June of 2023. (Tr. 620). Regarding her ability to interact with coworkers and supervisors, the ALJ found that "[s]he has been able to tolerate the social interactions required upon her return to work and was offering no complaints of issues with co-workers or supervisors at visits during this time." (Tr. 630). In other words, despite Plaintiff's claim that she experienced significant anxiety and difficulty leaving her home and interacting with others, the treatment records reflected that she was able to leave her home and tolerate the stress and social demands of the workplace. (Tr. 623). In addition to returning to work with no decompensation, the ALJ further noted that Plaintiff was socially

[2] To the extent that the ALJ rejected alternate limitations assessed by the state consultants, the ALJ noted "[t]he state agency limitations that were rejected were less consistent with the claimant's actual reports to providers, her mental status exam findings, her treatment history , and her activities of daily living." (Tr. 631).

appropriate at her psychological evaluation, reported intact family and work relationships, that her symptoms improved with medication, and she routinely had intact mental status findings in the treatment notes. (Tr. 630).

Based on her review of the entire record—which she noted contained "considerably more evidence than available to the state agency"—the ALJ reasonably determined that the record supported Plaintiff's ability to tolerate occasional interaction with coworkers and supervisors, rather than the superficial limitation assessed by the consultants. *See Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). And the ALJ otherwise adequately accounted for Plaintiff's social limitations by prohibiting tandem tasks with coworkers in the RFC.[3] *See Aalija W. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1955, 2024 WL 2315290, at *2 (S.D. Ohio May 22, 2024) ("Other Courts in this District have repeatedly found that limiting an individual to no team or tandem tasks is sufficient to account for a physician's opinion that an individual be limited to superficial interactions with 'others'.") (quoting *Wieman v. Comm'r of Soc. Sec.*, No. 3:22-cv-1045, 2023 WL 5541597, at *3 (N.D. Ohio Aug. 29, 2023)); *Dickinson v. Comm'r of Soc. Sec.*, No. 2:19-cv-3670, 2020 WL 4333296, at *12 (S.D. Ohio July 27, 2020) ("The Court agrees that the limitation to no tandem tasks is a qualitative limitation

[3] Plaintiff acknowledges that the ALJ limited Plaintiff to no tandem work with coworkers, but argues that no similar limitation accounted for her interactions with supervisors. (Doc. 9 at PageID 892-93). However, as explained above, the ALJ provided adequate explanation as to why Plaintiff could handle occasional interactions with both supervisors and coworkers.

on social interaction. As such, this limitation adequately addressed the [medical opinions] that Plaintiff be limited to superficial interaction with others.”).[4]

An ALJ is not required to adopt every limitation assessed by a medical source or prior administrative medical finding, even when the opinion is found persuasive. Rather, as occurred in this case, the ALJ must evaluate the persuasiveness of the opinion and formulate an RFC based on the record as a whole. *See Reeves v. Comm’r of Soc. Sec.* 618 F. App’x 267, 275 (6th Cir. 2015) (“[E]ven where an ALJ provides ‘great weight’ to an opinion, there is no requirement that an ALJ adopt a state agency psychologist’s opinion verbatim; nor is the ALJ required to adopt the state agency psychologist’s limitations wholesale.” *See also Ferguson v. Comm’r of Soc. Sec.,* No. 2:18-cv-1024, 2019 WL 2414684, at *5 (S.D. Ohio June 7, 2019) (“Nor, as the case law above makes clear, was the ALJ required to explain why he did not adopt their opinions in full”), Report and Recommendation adopted at 2019 WL 3083112 (S.D. Ohio July 15, 2019).

Finally, any error regarding the “superficial contact” limitation was harmless in this case, because the vocational expert specifically testified that such a limitation would not alter the outcome. The ALJ noted that the vocational expert was presented with alternative residual functional capacity hypotheticals that contained the language used in

---

[4] Additionally, several courts within this Circuit have concluded that, “‘occasionally’ does not create a sufficient conflict with ‘superficially’ when applied to ‘interactions,’ such that the ALJ would be required to explain that change.” *Stephen D.,* 734 F.Supp.3d at 738; *Latonya J.. v. Comm’r of Soc. Sec.*, No. 1:24-cv-684, 2026 WL 850743, at *3 (S.D. Ohio Mar. 27, 2026). *See also Dawn M. v. Comm’r of Soc. Sec.*, No. 3:24-cv-02, 2024 WL 3568859, at *6-7 (S.D. Ohio July 29, 2024). In any event, as explained above, in this case the ALJ adequately explained her reasoning in omitting a superficial contact limitation. *See Muoio v. Comm’r of Soc. Sec.,* No. 4:24-cv-2175, 2026 WL 468557, at *12 (N.D. Ohio Feb. 19, 2026) (“Even assuming *arguendo* that there is a conflict between the terms superficial and occasional, the Court agrees with the Magistrate Judge that the ALJ adequately explained his reasons for omitting a limitation to superficial contact with coworkers and supervisors from the RFC”).

the state agency assessments. The vocational expert testified that limiting Plaintiff to interactions on a superficial basis (and other limitations used in the state agency assessments) "resulted in the same jobs at the same numbers." ("Tr. 632-33).[5]

Accordingly, in sum, the Court finds no error in the ALJ's decision. The ALJ properly evaluated the persuasiveness of the state agency consultants' opinions, adequately explained her decision not to include a superficial interaction limitation, and otherwise accounted for Plaintiff's social limitations in the RFC. The decision is supported by substantial evidence and should be affirmed.

**III. Conclusion and Recommendation**

Because the ALJ's decision reflects no reversible error and is supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **AFFIRMED** and that this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

[5] Plaintiff also contends that the ALJ failed to adopt the Appeals Counsel's definition of superficial interaction as "shallow or cursory," which Plaintiff claims is set forth in a redacted July 22, 2022 decision in an unrelated case. (*See* Doc. 9 at PageID 891, 893; Tr. 813). Plaintiff claims that use of this definition could have changed the disability determination. (Doc. 9 at PageID 895-96). However, "[n]umerous district courts within this Circuit have rejected the argument that the AC Decision at issue herein constitutes binding authority in unrelated social security appeals." *Muoio,* 2026 WL 468557 at *11 (collecting cases). *See also, e.g., Dallas B. v. Comm'r of Soc. Sec.*, No. 2:25-cv-19, 2025, WL 3710871, at *4 (S.D. Ohio Nov. 7, 2025) (rejecting the same/similar argument concerning the July 27, 2022 decision, finding that the Social Security Administration has not defined the term "superficial" and the unrelated Appeals Counsel decision is not evidence and has no binding authority outside the case in which it was issued). As argued by Defendant (*see* Doc. 10 at PageID 902-906), Plaintiff's claim is without merit.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ELIZABETH S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-406

Marbley, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).